In the Matter of CHARLES A. GLICK, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 5, 1979

**APPEARANCES OF COUNSEL**

*Donald E. Humphrey* for petitioner.

*Charles A. Glick,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department, on November 26, 1945. In this proceeding to discipline him for professional misconduct, the petitioner, moves to confirm the

report of the Justice of the Supreme Court to whom the issues were referred for hearing and report. The respondent cross-moves to confirm said report, but asks that the measure of discipline be limited to a censure.

In this proceeding the respondent was charged with failing to abide by the terms of an escrow agreement; converting $25,000 of his clients' money; commingling personal and escrow funds; misrepresenting the status of an escrow account; failing to obey the order of a Justice of the Supreme Court to turn over funds; failing to hold $5,750 in escrow; converting to his own use said $5,750; failing to deliver $5,750 pursuant to the instructions of his client; delivering his checks to his client, or on her behalf, which checks were dishonored because of insufficient funds; and converting to his own use $16,649.20 entrusted to him by his client. The Referee found the respondent guilty of all of the allegations of misconduct, but pointed out in mitigation that the complainants herein were repaid all of the funds entrusted to the respondent within two months of the date they became due.

After reviewing all of the evidence we are in agreement with the Referee that the respondent was guilty of the charges of professional misconduct. The petitioner's motion to confirm the Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline we have taken into consideration the fact that the respondent has repaid the moneys which were converted. Accordingly, the respondent is suspended from the practice of law for a period of two years, commencing April 1, 1979, and until the further order of this court.

MOLLEN, P. J., TITONE, SUOZZI, O'CONNOR and LAZER, JJ., concur.